IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:22-CV-00916

| | |
|---|---|
| IN THE MATTER OF:  )<br>   BROOKE MCINTOSH CRUMP,  )<br>   ATTORNEY  )<br>   )  | **BRIEF IN SUPPORT OF EMERGENCY MOTION TO REMAND** |

NATURE OF THE CASE

Brooke McIntosh Crump ("Attorney Crump") seeks to remove to this Court <u>for the second time</u> an attorney disciplinary proceeding commenced against her by State judicial officials in the North Carolina judicial district where she practices law. Attorney Crump's Second Notice of Removal is an egregious and transparent attempt to derail state court proceedings in this case. It is procedurally defective on its face and offers no good faith basis for federal subject matter jurisdiction. This case should be remanded immediately.

STATEMENT OF THE FACTS

The Montgomery County Superior Court issued an Order to Show Cause directing Attorney Crump to appear on 5 July 2022 and show cause why she should not be subject to professional discipline for alleged violations of the North Carolina Rules of Professional Conduct. (Order to Show Cause, M.D.N.C. file no. 1:22-cv-484, ECF No. 4). The Superior Court appointed the North Carolina State Bar's Office of

1

Counsel to present evidence of the alleged misconduct at the Show Cause hearing.[1] On 23 June 2022, Attorney Crump filed a petition for removal (hereafter "First Removal") contending that her professional disciplinary proceeding should be heard in the U.S. District Court. M.D.N.C. file no. 1:22-cv-484, ECF No. 1. By filing the First Removal, Attorney Crump precluded the State court from promptly addressing the serious professional misconduct described in the Show Cause Order. On 27 September 2022, this Court remanded this professional disciplinary case to Montgomery County Superior Court for lack of subject matter jurisdiction and dismissed all of Attorney Crump's other motions as moot. M.D.N.C. file no. 1:22-cv-484, ECF No. 22. On 3 October 2022, the State court issued a notice that the hearing on the merits of the Show Cause was scheduled for 10:00 am on 31 October 2022. On 27 October 2022, Attorney Crump filed a Notice of Appeal from this Court's order remanding the Show Cause to State court. M.D.N.C. file no. 1:22-cv-484, ECF No. 24. The following day, she contacted the Montgomery County Clerk of Court to inquire whether the 31 October 2022 hearing was still going to proceed, in light of her filing the Notice of Appeal. She was informed by the presiding State court judge that the

---

[1] Although this case was captioned "Nance v. Crump" when docketed in this Court, Judge John R. Nance is not a party to this case or the underlying state court action. Likewise, the North Carolina State Bar is not a party to this judicially-initiated disciplinary action. Rather, the North Carolina Superior Court appointed the State Bar's Office of Counsel, which has special expertise in presenting evidence of attorney misconduct, to prosecute the allegations in the Order to Show Cause. The State Bar's Office of Counsel is thus acting as a friend of the court in the underlying State court action and—consistent with that role—files this motion to advance the interest of the State court in expeditiously addressing the matters set forth in the Order to Show Cause. Undersigned counsel <u>does not</u> represent John R. Nance.

hearing would proceed as scheduled and that she was required to appear. (Email correspondence with the Clerk's office regarding the judge's directive is attached hereto). At 9:54 am on 31 October 2022, when a specially-appointed State court judge, the appointed prosecutors, and multiple witnesses who had been subpoenaed to testify were present in the courtroom and ready to proceed, Attorney Crump filed with the Montgomery County Clerk of Court a Notice of Removal indicating that she had <u>again</u> removed the matter to the Middle District. *See* 1:22-CV-00916, ECF no. 1, referred to hereafter as "Second Removal." Attorney Crump did not appear in Montgomery County Superior Court on 31 October 2022, notwithstanding a directive from the presiding judge to appear by 11:00 am, which was relayed to her by a sheriff's deputy. The State court proceedings on the Show Cause were temporarily adjourned until 9:30 am on Tuesday, November 2022.

## ARGUMENT

1. **<u>This Court has already determined that it does not have jurisdiction over the underlying state court action</u>.**

On 27 September 2022, Chief Judge Thomas D. Schroeder entered an order remanding this professional disciplinary case to Montgomery County Superior Court for lack of subject matter jurisdiction and dismissed all of Attorney Crump's other motions as moot. Thus, it has been conclusively established that "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). Under these circumstances, "a notice of removal may be filed within thirty days after receipt by

3

the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* No such amended pleading, motion, order, or other paper has been filed in the underlying State court action. Thus, Attorney Crump's Second Removal is merely an attempted "do-over," presumably because her initial experiment with frivolously removing this action successfully thwarted the State judiciary's efforts to curtail her professional misconduct.

**2. Attorney Crump's Second Removal is facially frivolous.**

In an apparent attempt to fabricate an "alternative basis for removal," Attorney Crump's Second Removal presents a convoluted conspiracy theory in which she casts herself as a "federal officer" under 28 U.S.C. § 1442 and characterizes her misconduct as an attorney as an "act under color of such office," merely because (a) she is admitted to practice before this Court; and (b) she also unsuccessfully attempted to remove one of the underlying State court cases referenced in the Show Cause Order (*Dozier v. Allgood et al*) to federal court. See M.D.N.C. file no. 1:21-cv-00731. The theory underlying Attorney Crump's Second Notice of Removal—that every lawyer admitted to practice before any federal court is a "federal officer" and thus entitled to have any action related to their performance as a lawyer heard in federal court—is spurious and offered in bad faith.

**3. The Second Removal was not timely filed.**

4

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Attorney Crump was served with the Order to Show Cause requiring her to appear in State court and defend against allegations of professional misconduct in June. The pleading has not been amended. Nothing has occurred in the underlying State court action since it was remanded, other than the matter being set for hearing on 31 October 2022. Thus, there is no change in circumstances that would warrant reconsideration of whether jurisdiction over this matter lies with the federal court.

4. **This matter should be immediately remanded.**

Under § 1447(c), the Court may remand the case "at any time" based on the lack of subject matter jurisdiction. Likewise, once a party raises by motion a failure in the statutory prerequisites for removal (such as the requirement that removal be filed within 30 days of service), an immediate remand is appropriate.

Attorney Crump's Notice of Appeal from the remand order in 1:22-cv-484 is specifically prohibited by 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" (emphasis added)) and decades of federal court decisions. *E.g., United States v. Rice*, 327 U.S. 742, 751–52, 66 S. Ct. 835, 839, 90 L. Ed. 982 (1946) ("Congress . . . established the policy of not permitting interrupting of the litigation of the merits of a removed cause

5

by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed. This was accomplished by denying any form of review of an order of remand"). Attorney Crump's communications with the state court Clerk (see attached Exhibit A) reflect that the Notice of Appeal was filed to prevent her disciplinary case from being heard today. Only after she was notified that she was still expected to appear in State court notwithstanding her Notice of Appeal did she file the Second Removal.

Attorney Crump's Notice of Appeal and Second Removal are abuses of process designed not to vindicate her rights or ensure that the case is heard in the appropriate forum, but rather to frustrate efforts to regulate her professional conduct as a lawyer. This Court should not countenance such vexatious tactics.

CONCLUSION

Given the patent deficiencies of Attorney Crump's Second Removal described above and this Court's lack of subject matter jurisdiction, as well as the State court trial on the merits that would be underway but for Attorney Crump's meritless filing of a duplicate removal on the morning of trial, this Court should remand this matter immediately, without awaiting an opposition from Attorney Crump. Nothing she might say could salvage this removal.

Wherefore, the State Bar's Office of Counsel requests that this Court enter an order immediately remanding this case to the Montgomery County Superior Court so that allegations of serious misconduct by Attorney Crump can be heard on the merits

6

when the proceedings in Montgomery County Superior Court reconvene on Tuesday 1 November 2022 at 9:30 am.

>Respectfully submitted,
>
>/s/ Carmen H. Bannon, Deputy Counsel
>North Carolina Bar #33998
>The North Carolina State Bar Office of Counsel
>P.O. Box 25908, Raleigh, NC 27611
>Email: cbannon@ncbar.gov
>Telephone: (919) 719-9283

## **CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing Brief in Support of Motion to Remand complies with the word limitations of L.R. 7.2 and contains 1,527 words.

This the 31st day of October, 2022.

>/s/ Carmen H. Bannon
>North Carolina Bar #33998

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:22-CV-00484

|  |  |
|---|---|
| IN THE MATTER OF: | ) |
| BROOKE MCINTOSH CRUMP, | ) |
| ATTORNEY | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on 31 October 2022, I electronically filed the foregoing Brief in Support of Emergency Motion to Remand with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the Petitioner, Brooke M. Crump:

Brooke M. Crump
P.O. Box 396
Mount Gilead, NC 27306
Email: brooke@laketillerylaw.com
Telephone: 910-439-3070
Fax: 910-889-8229

        Respectfully submitted,

        /s/ Carmen H. Bannon, Deputy Counsel
        North Carolina Bar #33998
        The North Carolina State Bar Office of Counsel
        P.O. Box 25908
        Raleigh, NC 27611
        Email: cbannon@ncbar.gov
        Telephone: (919) 719-9283