IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BROOKE MCINTOSH CRUMP, )
    Petitioner, )
)
v. )
) 1:22-CV-484
JOHN R. NANCE, )
    Respondent, )
)
v. )
)
NORTH CAROLINA STATE BAR, )
    Movant )

**DEFENDANT'S REPLY TO MOVANT'S REQUEST FOR AN EMERGENCY ORDER FOR REMAND AND DEFENDANT'S MOTION FOR AN EMERGENCY TRO**

    Defendant, Attorney Brooke Crump, replies to Movant's 31 October 2022 Motion for an Emergency Order for Remand as follows: Movant states that "the State Bar did not initiate *In re Crump*, nor is it a party to that case and that Defendant is filing "frivolous" motions and is "vexatious" in their efforts to discipline her.

    Petitioner contends that Movant's statement regarding their lack of involvement with the filing of the underlying motion to show cause crosses the threshold of emblazoned litigation into sanctionable territory. Movant drafted and served Petitioner with a grievance and subpoena making the same allegations of misconduct as those stated in the underlying motion to show cause. Not only did they do so, they illegally recorded Petitioner's conversation with her attorney during the interview after she appeared at the North Carolina State Bar in response to their subpoena.

In regards to that illegal interview that Movant and their agents have glossed over yet again, Movant might need to be reminded that under the Wiretap Act, it is illegal for any person to secretly record an oral, telephonic, or electronic communication that other parties to the communication reasonably expect to be private. (18 U.S.C. § 2511.) Attorney Cameron Lee- the attorney who issued the subpoena now in question- was also present and complicit with Movant and the North Carolina State Bar in violating the Wiretap Act. It appears that Movant and their attorney are under the impression that if they hurry up and disbar Petitioner, she can't vindicate her rights.

Further, an injunction can bind more than just the parties, and "the parties' officers, agents, servants, employees, and attorneys." An injunction can also bind "other persons who are in active concert or participation" with them "who receive actual notice of [the injunction] by personal service or otherwise."

Movant states that they are in an urgent need to discipline her, but they have already suspended her law license in another matter where the DHC was without jurisdiction.-Movant-themselves are violating the rights afforded to her by the United States Constitution. Movant's own statements in their response capitulates Petitioner's argument for the need for judicial review: that North Carolina law allows the North Carolina State Bar's discriminatory, arbitrary, capricious and unconstitutional regulation of attorneys that violates their substantive and procedural due process rights as well as their dignity.

Movant has made it clear they plan to proceed with their backdoor disbarment today. Defendant admits her confusion for one thing and that is why

Movant filed a response in the first place if this court is void of jurisdiction. Movant continuously argues this court is lacking jurisdiction and that Defendant frivolously removed this matter.

Movant plans to proceed with suspending Defendant's law license within the hour, no matter what the court says. They are proceeding on the matter as we speak with the Sheriff having given sworn testimony under oath regarding Defendant that is false. Further, Defendant is alleging illegal acts of Movant; they are sending the Montgomery County Sheriff to her families homes and did so in the middle of the night. They have him looking inside her office and making false claims as to the appearance of furniture. Defendant received a THREAT from a witness that she would be incarcerated and to think of her children if she did not appear in court yesterday. To grant the State Bar this motion would be outside of the bounds of constitutionality. Defendant only just saw the court's order for her to respond in an hour within the past fifteen minutes. To allow a NON-PARTY to make such demands of this court is vexatious.

It is well-established under Rule 65(d) of the Federal Rules of Civil Procedure provides that an injunction is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." <u>Regal Knitwear Co. v. NLRB</u>, 324 U.S. 9 (1945); Not only can this court enjoin Movant, they may also hold them in contempt for acting in concert with named parties to frustrate an injunctive decree or to avoid compliance with it.

Petitioner moved this honorable Court for an order restraining Movant from proceeding while this court maintains jurisdiction over the matter. Movant consistently contends they are pursuing an "unrelated" matter to their own investigations. Again, there is one and only one Brooke McIntosh Crump licensed to practice law in the State of North Carolina and there is one and only one party responding in opposition to Defendant in this matter pending with this court, that being the North Carolina State Bar.

Federal courts have a process for remand for a reason. Those moving for remand can not unilaterally decide to take matters into their own hands if they don't immediately get what they asked for. One attempting to litigate any matter with Movant as their opposition likely experienced frustration akin to settlers voyaging to America for the first time just as Petitioner has during the past two years Movant has been "investigating other allegations of her misconduct". One must search the law far and wide to find controlling authority where the Movant failed in their mission to metaphorically decapitate the professional reputations of their chosen prey. The rules in which Movant currently operates have a discriminatory effect on attorneys, which impacts the diversity of counsel available to the public: Not only are Movant's practices arbitrary and capricious, they are discriminatory; Petitioner's unofficial estimate reflects that approximately 73% of the 37 attorneys now pending before the Disciplinary Hearing Commission are either women, minorities, or a recent democratic political candidate.

The Montgomery County Clerk of Superior Court issued a show cause order yesterday without jurisdiction. The North Carolina State Bar acted without

jurisdiction. Defendant should be allowed to defend and assert constitutional claims in this matter without an outside party's intervention. The Montgomery County Clerk of Superior Court was without jurisdiction to appoint counsel in this matter because John Nance does not have jurisdiction to do anything as a judge. He is listed as the party in this court just as he is in State Court. Movant is unrestrained and this action is if it's unknown to any other disciplinary procedure for a reason: Defendant asserts constitutional issues that are vital for this court to resolve. Further, Defendant should have proper notice and an appropriate time to prepare and respond, rather than an hour. Movant had notice that this court would act before lunchtime while Defendant, an actual party to the action did not.

    Movant also contends their actions are aligned with the goal of regulating the legal profession for the protection of the public. Defendant contends she is currently having to actively protect her clients from the North Carolina State Bar who is colluding with members of the public to do whatever it is that they're doing to Defendant. Movant is working with members of the public to "build their case" as they are calling it who have never met Petitioner in person or in a courtroom and have never been her client. One conspirator, named Rachelle Rossignol physically threatens to assault Petitioner online despite Defendant having absolutely no connection to this person. Defendant has a restraining order issued to protect her that she did not move for granted by another one of Movant's witnesses. No one in the courtroom in Montgomery County is a client of Defendant's: it's all opposing counsel in a small town witch-hunt. The Sheriff stated on the record he's been out looking for Defendant's vehicle. Defendant does not have a criminal record nor

does she have clients in that courtroom asserting claims against her. If Movant and Plaintiff wish to assert a defamation action against her, they can certainly do so because that is what this is: an attempt for the government to vindicate themselves by violating the United States Constitution and this Court's authority.

Defendant is running for a statewide office; to proceed is to flagrantly disturb the impending election..

Counsel's response made Movant's intentions clear and highlights the urgency of Petitioner's need for injunctive relief from this honorable court.

Wherefore, Defendant prays that this Court enter a temporary restraining order followed by an injunction prohibiting Plaintiff and Movant from taking further action until this issue is no longer pending with this court and for this court to deny Movant- who does not have standing- from further asserting themselves in this action along with their emergency motion for remand.

This the 1 day of November, 2022.

**LAKE TILLERY LAW**

/s/Brooke M. Crump
Brooke M. Crump
*Counsel for Defendant-Appellant*
NC State Bar No. 52684
brooke@laketillerylaw.com
PO Box 396
Mount Gilead, NC 27306
Telephone: 336-964-9625
Facsimile: 910.889.8229